IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SERPIL P., | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 4:24-CV-1084-P-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's appeal of the denial of her

application for Social Security disability benefits and supplemental security income, Doc. 1, is

before the undersigned United States magistrate judge for findings and a recommended

disposition.  For the reasons outlined here, the Commissioner's decision should be **AFFIRMED**.

## I. BACKGROUND

### A. Procedural History

Plaintiff seeks judicial review of the Commissioner of Social Security's

("Commissioner") final decision denying her application for disability insurance benefits

("DIB") and supplemental security income ("SSI") under the Social Security Act ("Act").  Doc.

1.  In June 2021, Plaintiff concurrently filed for DIB and SSI, alleging a period of disability

beginning in June 2020, resulting from learning disability, bipolar disorder, back problems, sleep

apnea, and anxiety.[1]  Doc. 16-1 at 189, 249.  Plaintiff's claim was denied at all administrative

---

[1] Plaintiff only alleges error in the ALJ's evaluation of Dr. Torres-Quevedo's opinion regarding her mental capacity, Doc. 19 at 12-19, and does not allege any error in the ALJ's consideration

levels, and she now appeals to this Court under 42 U.S.C. § 405(g).  Doc. 16-1 at 118, 123, 129, 133, 16-30.

**B. Factual History**

Plaintiff, who was 57 years old at the time of her alleged disability, has a fifth-grade education and past relevant work as a bus monitor, teacher's aide, dining room attendant, salesclerk, fast food worker, and buffet waitress.  Doc. 16-1 at 61, 189, 250.

Plaintiff's relevant medical history, dating from 2013 through 2017, reveals diagnoses of bipolar II and panic disorder with agoraphobia, with mental health treatment and medication management through Lifepath Systems.  Doc. 16-1 at 631-38; Doc. 16-2 at 221.  In June 2017, Plaintiff reported "experiencing hallucinations . . . delusions . . . and paranoia."  Doc. 16-2 at 215.  In 2018 Plaintiff was treated at Ridgeview Family Clinic and reported anxiety, high irritability, and difficulty working due to sleep problems, and was diagnosed with generalized anxiety disorder and prescribed Xanax, Ambien, and Zoloft.  Doc. 16-1 at 374, 379, 384, 393.

**C. Medical Opinion Evidence**

In March 2022, Dr. Rocio Torres-Quevedo, Ph.D. conducted a consultative examination of Plaintiff.  Doc. 16-1 at 455-59.  At that time, Plaintiff's subjective reports included "feeling depressed most of the day every day, with loss of interest, overeating, difficulty sleeping, feelings of low self-worth, and difficulty making decisions.  Doc. 16-1 at 456.  She denied active suicidal ideation but reported passive thoughts of suicide.  Doc. 16-1 at 456.  Plaintiff also reported that while she was unable to handle her own finances, such as paying her bills, she

---

of her physical capacity.  Accordingly, the Court focusses on the facts and issues related to Plaintiff's mental capacity.

attended to hygiene independently, cooked simple meals, did household chores (with some difficulty), shopped, and drove. Doc. 16-1 at 456. Plaintiff also reported having no friends and little interaction with family members, including her two children, that she got along with "poorly." Doc. 16-1 at 456-457.

On examination, Dr. Torres-Quevedo's objective findings included that Plaintiff had clear speech and was cooperative, with coherent, logical, and relevant thought processes and normal thought content. 16-1 at 457-458. He found that Plaintiff was "oriented to person, place, situation, time and date." Doc. 16-1 at 458.

Dr. Torres-Quevedo diagnosed Plaintiff with major depressive disorder (current episode moderate), and a mild intellectual disability (provisional, based on reported history). Doc. 16-1 at 458. Dr. Torres-Quevedo opined that Plaintiff's prognosis was guarded; that she could understand, carry out, and remember one- and two-step commands but would have difficulty with complex instructions; that her ability to sustain concentration and persist in work related activities at a reasonable pace was impaired; that her ability to maintain effective social interaction on a consistent and independent basis with supervisors, coworkers and the public was only unimpaired in simple work environments; and that she would need assistance to deal with normal pressures in a competitive work setting. Doc. 16-1 at 458-59.

In May 2022, state agency psychological consultant Dr. Jacob Tendler, M.D., opined that Plaintiff should not be exposed to memorize or understand detailed or complex instructions but could concentrate and maintain persistence on simple tasks, and could complete tasks consisting of one- or two-step instructions. Doc. 16-1 at 77.

3

In February 2023, state agency reviewing psychologist Dr. Virginia Bell-Pringle, Ph.D., opined that Plaintiff could complete tasks consisting of one- or two-step instructions; understand, remember, and carry out detailed but not complex instructions; and could make detailed but not complex decisions. Doc. 16-1 at 97-98.

**D. Other Record Evidence**

At the November 2023 administrative hearing, Plaintiff testified that she could not work full-time because of back problems and mental health issues. Doc. 16-1 at 44. She averred that she had anxiety and difficulty going out in public and became nervous around large groups of people. Doc. 16-1 at 47, 49-51. Plaintiff testified that she was receiving mental health counseling and that her prescribed medication did not help her anxiety. Doc. 16-1 at 48, 47. Plaintiff also reported that she was unable to independently perform most activities of daily living, including cooking, cleaning, toileting, showering and bathing—all which she indicated her son assisted with. Doc. 16-1 at 45-46.

**E. The ALJ's Findings**

In February 2024, the ALJ issued an unfavorable decision applying the customary five-step analysis. Doc. 16-1 at 16-30. The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2025, and had not engaged in substantial gainful activity since June 15, 2020. Doc. 16-1 at 22. The ALJ also found that Plaintiff had the severe impairments of (1) lumbar degenerative changes, (2) obesity, (3) anxiety, and (4) major depressive disorder. Doc. 16-1 at 22. The ALJ concluded, however that none of Plaintiff's impairments, or any combination thereof, met or "medically equal[ed]" an impairment listed in the applicable regulations. Doc. 16-1 at 22-23.

The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to "perform light work . . . except that she can never crawl or climb ladders or scaffolds.  She can occasionally stoop, kneel, crouch, and climb stairs.  She can perform simple, routine, unskilled tasks with a Specific Vocational Preparation (SVP) of 2 or less."  Doc. 16-1 at 24.  The ALJ also found that Plaintiff had the RFC to perform her past relevant work.  Doc. 16-1 at 30.  Thus, the ALJ concluded that Plaintiff was not disabled under the Act.  Doc. 16-1 at 30.

## II. APPLICABLE LAW

The definition of disability under the Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To determine whether a claimant is disabled, the Commissioner utilizes a sequential five-step inquiry: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are "severe"; (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations; (4) whether the claimant can still do her past relevant work; and (5) whether the impairment prevents the claimant from doing any other available work.  *Webster v. Kijakazi,* 19 F.4th 715, 718 (5th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)(4)).  The claimant bears the burden on the first four steps.  *Id.* (citation omitted).  If the claimant meets her burden, the burden then shifts to the Commissioner to "prove the claimant's employability."  *Id.* (citation omitted).

The Court's review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal

standards when evaluating the evidence." *Taylor v. Astrue,* 706 F.3d 600, 602 (5th Cir. 2012). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, [the Supreme] Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up). The Court can neither "reweigh the evidence or substitute its judgment for the Commissioner's." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  A finding that substantial evidence does not exist "is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (cleaned up).

## III. ANALYSIS

Plaintiff's only argument is the ALJ failed to adequately consider the medical opinion evidence of consultative examiner Dr. Rocio Torres-Quevedo. Doc. 19 at 4.  The Commissioner counters that "the ALJ properly applied the Commissioner's regulations to determine that Dr. Torres-Quevedo's opinion was partially, but not fully persuasive." Doc. 21 at 1.

Under Social Security regulations, the ALJ is not required to defer or give any specific weight, including controlling weight, to any medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a).  Instead, the ALJ must consider all medical opinions using the same specific factors outlined in the regulation, the most important of which are supportability and consistency. *Id.* § 404.1520c(b)(2); *see also Webster*, 19 F. 4th at 719 ("The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on objective medical evidence and supporting explanations

and the consistency of the source's opinion with the evidence from other medical and

nonmedical sources in the claim.") (cleaned up).

The supportability element requires the ALJ to evaluate how well a given medical

opinion is supported by the objective medical evidence and supporting explanations of the

medical source.  20 C.F.R. § 404.1520c(c)(1).  On the other hand, consistency requires the ALJ

to evaluate how consistent a medical opinion is with other evidence in the record.  *Id.* §

404.1520c(c)(2).  The ALJ's discussion of the supportability and consistency factors must be

"ample enough to permit meaningful judicial review."  *Ida D. v. Kijakazi*, No. 1:21-CV-206-BU,

2022 WL 19518458, at *4 (N.D. Tex. Nov. 8, 2022) (Parker, J.), *adopted by* 2023 WL 2474210

(Hendrix, J.) (cleaned up).  However, "[a]n ALJ is free to reject the opinion of any physician

when the evidence supports a contrary conclusion."  *Id.* (quoting *Garcia v. Berryhill*, 880 F.3d

700, 706 n.7 (5th Cir. 2018)).  When the ALJ's "decision reflects consideration of these two

factors as well as a review and analysis of the objective record," this is generally deemed

sufficient.  *Lara v. Kijakazi*, No. 3:21-CV-1032, 2022 WL 4486085, at *13 (N.D. Tex. Aug. 29,

2022) (Ramirez, J.), *adopted by* 2022 WL 4485826 (N.D. Tex. Sept. 27, 2022) (Lindsay, J.).

Plaintiff does not contest that the ALJ adequately explained the supportability factor.

Doc. 19 at 14.  Plaintiff, however, argues that the ALJ did not properly explain the consistency

factor in weighing Dr. Torres-Quevedo's opinion.  Doc. 19 at 14.  Plaintiff is mistaken.

The ALJ found that:

> Dr. Torres-Quevedo's assessment is supported by his own objective findings, as he
> noted that the claimant could not complete serial 3 testing, spell a word, multiply,
> or recall items after a delay.  However, the other evidence of record is not consistent
> with a finding that the claimant needs assistance to deal with normal work
> pressures.  For example, the claimant's treating providers generally noted that she

7

showed intact insight and judgment, with normal thought content.[2]  Therefore, [Dr. Torres-Quevedo's] opinion is partially persuasive.

Doc. 16-1 at 28-29 (internal citations omitted).  As illustrated, the ALJ specifically opined that Dr. Torres-Quevedo's assessment was inconsistent with the rest of the record evidence and explained the specific inconsistencies, including citing the report of Dr. Rocio Torres-Quevedo's consultive examination.

Plaintiff argues that the ALJ only focused on the limitation that Plaintiff will need assistance to deal with the normal pressures of work, Doc. 19 at 14-15.  But the regulations do not require the ALJ to articulate how it considered each limitation in a source's opinion.  It merely requires a "[s]ource-level articulation."  20 C.F.R. §§ 404.1520c(b)(1).

In further support of her argument, Plaintiff cites *Donna B.O. v. Kijakazi*, No. 1:22-CV-128, 2023 WL 5004504 (N.D. Tex. July 18, 2023) (Parker, J.), *adopted by* 2023 WL 5004142 (Hendrix, J.).  However, *Donna B.O.* is easily distinguished from the instant case.

In *Donna B.O.*, the ALJ "disagreed that the claimant's mild to moderate objective and clinical findings of her treatment history supported that level of limitation," but the ALJ did not identify the specific limitation that she disagreed with.  *Id.* at *5.  Upon review, the Court found that the ALJ's explanation justifying her evaluation of the medical opinion was inadequate and conclusory because the ALJ "fail[ed] to provide any reasons why she [found the medical opinion's] marked mental limitations without support in the record, nor does the ALJ reference whether that limitation is inconsistent with the record."  *Id.*

---

[2] The ALJ's specifically references the JPS Health Connect Clinic May 24, 2022 progress notes of Dr. Julia Elizabeth Zepeda, MD, Doc. 16-1 at 504-505, and Office Treatment Records of MHMR of Tarrant County dated February 6, 2023, Doc. 16-1 at 589-59, and September 13, 2023, Doc. 16-2 at 490.

Here, however, the ALJ adequately discussed the supportability and consistency factors when determining the persuasiveness of Dr. Torres-Quevedo's opinion. As mentioned *supra*, the ALJ specifically noted that record evidence was inconsistent with Dr. Torres-Quevedo's opinion and provided an example that he believed to support this assertion. Doc. 16-1 at 28-29.

The ALJ's analysis of Dr. Torres-Quevedo's opinion and the medical record demonstrates that he adequately considered the consistency and supportability factors, and furthermore, provides "an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010).

## IV. CONCLUSION

The ALJ's decision is supported by substantial evidence, and the ALJ applied the proper legal standards when evaluating the evidence in this case. Accordingly, the Commissioner's decision should be **AFFRIMED**.

**SO ORDERED** on March 3, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).